UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TIMOTHY DUANE RANKINS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:12-CV-94-RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Timothy Duane Rankins to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Movant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced on November 14, 2008, to 188 months' imprisonment and 5 years of supervised release. Movant appealed, and on February 2, 2009, the United States Court of Appeals for the Eighth Circuit remanded for resentencing in light of *United States v. Chambers*, 555 U.S. 122 (2009). On April 15, 2009, this Court entered an amended judgment, sentencing movant to 100 months' imprisonment and 3 years of supervised release. Movant appealed, and on December 29, 2009, the Eighth

Circuit dismissed the appeal based upon movant's appeal waiver; the mandate issued on February 4, 2010.

Movant seeks relief from his conviction and sentence on the grounds of ineffective assistance of counsel, prosecutorial misconduct, judicial misconduct, and an illegal plea agreement.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

> retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal. Movant's conviction became final in 2010, but he did not file this motion to vacate until June 6, 2012, the date on which movant signed the motion. Thus, it appears that the instant motion to vacate is untimely.

Movant summarily claims that his motion should be considered timely, because he told his attorney he had never served time for escape or theft from Cole County, Illinois, and any information to the contrary "was fake." Movant states that a judge sexually assaulted him, and he "was scared for his life," and he "needed proof of . . . not serving time for the escape and the theft charge from Cole County, Illinois." Movant's assertions are insufficient to equitably toll the limitations period in this case. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition).

Because movant has not advanced an explanation that would warrant tolling of the one-year statute of limitations, the Court will order him to show cause

within thirty days of the date of this Order as to why this matter should not be dismissed as untimely.  Movant is warned that if he does not respond to this Order by the deadline set forth below, his motion will be dismissed without further notice to him.

Respondent will not be ordered to respond to the motion to vacate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause in writing within thirty (30) days of the date of this Order as to why his motion to vacate should not be dismissed as  time-barred.

Dated this 18th day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE